**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN NAKAMURA, | No. 09-55961 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-06776-GW-SS |
| v. | |
| CITY OF HERMOSA BEACH; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted March 16, 2010 [**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Alan Nakamura appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging that the defendants violated his Fourth

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

tk/Research

Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam). We affirm.

The district court properly granted summary judgment on Nakamura's unlawful search and arrest claims because his arrest was supported by probable cause. *See United States v. Smith*, 389 F.3d 944, 950-52 (9th Cir. 2004) (allowing a warrantless search incident to a lawful arrest)*; Cabrera v. Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (explaining that a plaintiff must show there was no probable cause to prevail on a section 1983 claim for false arrest).

The district court properly granted summary judgment on Nakamura's excessive force claim because Officer Jones's use of force was minimal and objectively reasonable under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Not every push or shove . . . violates the Fourth Amendment.") (citation omitted); *Long v. City & County of Honolulu*, 511 F.3d 901, 905 (9th Cir. 2007) ("In a Fourth Amendment excessive force case, defendants can still win on summary judgment if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances.") (citation and internal quotation marks omitted).

The district court properly granted summary judgment on Nakamura's claims for municipal liability because he had not suffered any constitutional injury. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

The district court did not abuse its discretion by denying Nakamura's request for additional discovery. *See Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) ("We will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment.") (italics omitted).

Nakamura's remaining contentions are unpersuasive.

**AFFIRMED.**